COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


DONNA RENEE MUHAMMAD
                                    MEMORANDUM OPINION*
v.   Record No. 0061-01-4              PER CURIAM
                                       MAY 15, 2001
VSI GROUP AND
 CIGNA INDEMNITY INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Metin A. Cay; Swiger & Cay, on brief), for
             appellant.

             (Douglas A. Seymour; Siciliano, Ellis, Dyer &
             Boccarosse, on brief), for appellees.


     Donna Renee Muhammad (claimant) contends that the Workers'

Compensation Commission erred in refusing to award her temporary

partial disability benefits based upon its finding that she was

terminated for cause on December 21, 1998.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     In Walter Reed Convalescent Center v. Reese, 24 Va. App.

328, 482 S.E.2d 92 (1997), we recognized that when an employee

is discharged from selective employment, "'[i]n order to work a

forfeiture, the "wage loss [must be] properly attributable to

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[the employee's] wrongful act . . . [for which t]he employee is responsible."'"  Id. at 336, 482 S.E.2d at 97 (citation omitted).  In addition, we noted that the employer is not required to prove that "the employee's wrongful act was intentional, willful, or deliberate in order to justify a termination for cause and a forfeiture of compensation benefits."  Id. at 336-37, 482 S.E.2d at 97 (footnote omitted).

In ruling that claimant's conduct in this case constituted the type of wrongful act which, upon termination, justifies a forfeiture of workers' compensation benefits, the commission found as follows:

> The claimant was fired because she looked in another employee's personnel file and took a copy of that person's driver's license. Protecting the privacy of employee records is a legitimate business interest.  Without authorization, the claimant removed and copied documents from another employee's personnel file to use in making representations to induce a third party to hire the claimant as a caterer.  Clearly, this was an act "of such a nature . . . as to manifest a . . . disregard of [the employer's legitimate business] interests and the duties and obligations [s]he owes to [her] employer" as contemplated in [Richmond Cold Storage v.] Burton[, 1 Va. App. 106, 335 S.E.2d 847 (1985)].

> The claimant argues that her act was not deliberate because she did not know it was wrong to take copies of another employee's driver's license and social security card from her personnel file with neither the company's nor the other employee's authorization.  The act in itself was sufficiently egregious to demonstrate the requisite disregard of the employer's

-

> legitimate business interest in protecting
> the privacy rights of its employees such
> that the claimant's termination was
> justified.  The claimant's subjective belief
> is not material.

Credible evidence, including the testimony of claimant and Vincent Tyler, supports the commission's finding that claimant was fired for looking inside another employee's personnel file and for copying that employee's driver's license and social security card without the other employee's or employer's permission.

Based upon this credible evidence, the commission was entitled to conclude that claimant's conduct was wrongful and in violation of employer's legitimate business interest in protecting the privacy of its employees, and resulted in claimant's wage loss.  Based upon our holding in Reese and in light of the obvious egregious nature of claimant's conduct, the commission correctly concluded that her subjective belief that her conduct was not wrong was not material to its determination that she was terminated for cause.  Furthermore, there is no credible evidence in the record to support claimant's argument that her termination was "wholly pretextual in nature and in apparent response to an ongoing dispute involving her supervisor."  In fact, claimant readily admitted that she was fired because she "looked at someone else's file and I had no business looking at it."  Claimant did not contend before the

-

commission that she was actually fired due to a dispute with her supervisor.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>